[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10235
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00122-PGB-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER GERARD DICKERSON,
a.k.a. Casual,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Dickerson appeals his convictions for conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846; distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), (2); and possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  On appeal, he argues that the district court should have suppressed an incriminating statement that he made because he was being interrogated by law enforcement when he made the statement, he had not yet been read his *Miranda*[1] rights, and he had previously requested an attorney.

A district court's denial of a defendant's motion to suppress is reviewed under a mixed standard of review, where we review the district court's findings of fact for clear error and the district court's application of law to those facts *de novo*. *United States v. Ramirez*, 476 F.3d 1231, 1235-36 (11th Cir. 2007).  The court's factual findings are construed in the light most favorable to the prevailing party. *Id.*  When reviewing the denial of a motion to suppress, we may review the entire

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

record, including trial testimony. *United States v. Morales*, 893 F.3d 1360, 1367 (11th Cir. 2018).

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  In *Miranda*, the Supreme Court held that the government "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda*, 384 U.S. at 444.  As part of the procedure to safeguard a defendant's right against self-incrimination, the government must inform the defendant that he has the right to remain silent, anything he says may be used against him in court, and he can consult with a lawyer and have a lawyer present with him during interrogation. *Id.* at 467-73. Once the accused invokes his right to counsel, authorities may not subject him to further interrogation until counsel has been made available to him, unless the accused himself initiates further communication with the police. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).  However, if the suspect's reference to an attorney is "ambiguous or equivocal" from the perspective of a reasonable officer, law enforcement is not required to stop questioning. *Davis v. United States*, 512 U.S. 452, 459 (1994).

Interrogation occurs "whenever a person in custody is subjected to either express questioning or its functional equivalent," which refers to words or actions that the police should know are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). "Voluntary incriminating statements, however, not made in response to an officer's questioning are freely admissible" even after *Miranda* rights are asserted. *United States v. Suggs*, 755 F.2d 1538, 1541-42 (11th Cir. 1985); *see also Miranda*, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.").

The admission of statements in violation of Miranda is subject to harmless error analysis. *United States v. Beale*, 921 F.2d 1412, 1435 (11th Cir. 1991). This determination requires: (1) a two-fold inquiry into the effect of (A) the erroneously admitted statement upon the other evidence introduced, and (B) the conduct of the defense; and (2) whether, absent the illegal statement, the remaining evidence establishes guilt beyond a reasonable doubt. *Id.*

First, as to the issue of whether Dickerson actually requested a lawyer at the scene of his arrest and invoked his *Miranda* rights—based on Officer Detitto's testimony that Dickerson said that he wanted to "think about it"—Dickerson's reference to having an attorney was ambiguous. *Davis*, 512 U.S. at 459. Because Dickerson did not affirmatively request an attorney, law enforcement was not

4

required to refrain from questioning him. *Id.* Regardless, the issue of whether Dickerson requested an attorney is not dispositive because, as discussed more below, the district court did not err in concluding that Dickerson was not being interrogated and his statement was voluntary.

Based on the testimony given both at the suppression hearing and trial and a review of the recorded interview, Officer Middleton was reading Dickerson his charges and explaining the associated penalties immediately before Dickerson made an incriminating statement, not unlike the officers in *Suggs* showing the suspect the indictment right before the suspect incriminated himself. *Suggs*, 755 F.2d at 1541-42. Although Middleton did warn Dickerson that he could get a longer sentence if he did not cooperate, those statements were made after Dickerson had incriminated himself and thus could not have been said to elicit his incriminating statement. Therefore, the district court reasonably concluded that Middleton's statements were not the "functional equivalent of interrogation." *Innis*, 446 U.S. at 300-01. Moreover, even if Dickerson was being interrogated, his incriminating statement was not responsive to Middleton's statement that he would be considered an armed career criminal. *Id.* at 1542. Dickerson interrupted Middleton's explanation of the penalties to make his incriminating statement. Therefore, his voluntary incriminating statement was properly admissible. *Suggs*, 755 F.2d at 1541.

To the extent that Dickerson relies on Officer Roman's question about whether he could remove his mask, Officer Roman's question was not the functional equivalent of interrogation under *Miranda* because a reasonable officer would not have thought that the question was likely to elicit an incriminating response. *Innis*, 446 U.S. at 300-01 (1980). Moreover, Dickerson did not make his statement until a few minutes after Officer Roman asked him about removing the mask, and Dickerson's statement was unresponsive to Officer Roman's statements about his mask. *Suggs*, 755 F.2d at 1542. Though Dickerson argues that Roman's actions created a coercive environment, the focus of the inquiry is on the officer's reasonable expectation of the suspect's response. *Innis*, 446 U.S. at 300-01 (1980).

Even if the incriminating statement did violate *Miranda*, the error was harmless. *Beale*, 921 F.2d at 1435. Though Dickerson argues that the statement had a spillover effect on the drug charges by making the jury believe he was a "bad guy," this argument is rebutted by the fact that the jury acquitted him of several of the drug charges, showing that the jury considered the evidence against each of the drug charges and was not improperly influenced by Dickerson's incriminating statement. Further, both Officer Roman and Officer Gwizdala testified at length about the sale of firearms that underlaid the charge, and both were directly involved in and witnesses to that transaction. Both were also able to identify the

6

firearms that were purchased from Dickerson.  Therefore, even without

Dickerson's incriminating statement, the remaining evidence established his guilt

as to the firearms charge beyond a reasonable doubt.  *Beale*, 921 F.2d at 1435.

Accordingly, we affirm.

**AFFIRMED.**